FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 JAN 31  AM 8: 19

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| KENNY PASSMORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 105-10 |
| | ) |
| FREDRICK HEAD, Warden, | ) |
| | ) |
| Respondent. | ) |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a prisoner pursuant to a state conviction in Richmond County, Georgia,

filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254.

Respondent has filed a response to the petition.  For the reasons that follow, the Court

**REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action

be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

### I. BACKGROUND

On January 8, 1997, a jury sitting in Richmond County convicted petitioner of felony

murder and possession of a firearm in the commission of a crime.  Doc. 1 at 3.[1]  The trial

judge sentenced petitioner to life imprisonment on the murder charge and five years in prison

on the firearm charge, with the sentences to run consecutively.  Id.  The Georgia Court of

---

[1] A co-defendant also was tried and convicted with petitioner.

Appeals affirmed petitioner's conviction and sentence on September 17, 2001. Passmore v. Georgia, 552 S.E.2d 816 (Ga. 2001).

Petitioner filed a petition for writ of habeas corpus with the state court on December 21, 2001. Resp. Ex. 1. The state habeas court held an evidentiary hearing and denied habeas relief on July 15, 2002. Resp. Ex. 2. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the habeas ruling on June 28, 2004. Resp. Ex. 4.

Petitioner then filed the instant Section 2254 petition on January 24, 2005. In his petition, petitioner alleges (1) that his trial counsel performed ineffectively in "failing to object and move for a mistrial" after one of the jurors polled following the announcement of his guilty verdict affirmed a "not guilty" verdict instead; (2) that his appellate counsel performed ineffectively in failing to raise the same issue on appeal; (3) that his trial counsel performed ineffectively in "refusing to excuse a juror for cause"; (4) that his appellate counsel performed ineffectively in failing to raise the same issue on appeal; (5) that his appellate counsel performed ineffectively in raising a severance motion; (6) that his trial counsel performed ineffectively in "failing to ensure that the proper procedure was followed for jury selection in a joint trial"; (7) that his appellate counsel performed ineffectively in raising the same issue on appeal; and (8) that the evidence introduced at trial was insufficient to sustain a guilty verdict.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

2

law on April 24, 1996, amended Section 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Williams v. Taylor,

529 U.S. 362, 404 (2000).  The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05 (emphasis added).

The Eleventh Circuit has explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.  An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle

3

from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted). Thus, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

## III. DISCUSSION

### A. Exhaustion

Petitioner's first, third, and sixth claims–that trial counsel failed to request a mistrial, that trial counsel "failed to excuse a juror for cause," and that trial counsel failed to ensure

that the court followed proper procedure in jury selection–were not raised in petitioner's state habeas petition. The AEDPA requires a district court to dismiss habeas claims that the petitioner has a right to raise in a state court but fails to raise in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The Supreme Court has held that a petitioner is deemed to have exhausted his state judicial remedies when the state courts have been allowed a fair opportunity to address the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Claims raised for the first time in a federal habeas proceeding, however, may be exhausted if the claims are procedurally barred under state law. Teague v. Lane, 489 U.S. 288, 297-98 (1989). Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Under Official Code of Georgia Annotated, Section 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes

that the grounds cited in the petition could not have been raised in the original petition. O.C.G.A. § 9-14-51. The Eleventh Circuit has held that Section 9-14-51 should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

In this case, petitioner's failure to raise his first, third, and sixth claims in his state habeas proceeding is without excuse. The same claims, in fact, were raised in his state habeas petition in the context of ineffective assistance of appellate, not trial, counsel. Thus, the claims in the context of his trial counsel's performance were available when he filed the state habeas petition. He would be procedurally barred now from raising those claims in state court, and the claims accordingly should be dismissed.

## B. Ineffective Assistance of Appellate Counsel

Petitioner's second, fourth, fifth, and seventh claims, which involved ineffective assistance of appellate counsel, were raised in his state habeas proceeding and rejected by the state habeas court. The Court must defer to the state habeas court's findings unless those findings are contrary to, or involve an unreasonable application of, clearly established federal law. Putman, 268 F.3d at 1241. The Court notes that

> [c]learly established federal law is *not* the case law of the lower federal courts, including [the Eleventh Circuit]. Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.

Id.

The state habeas court evaluated petitioner's ineffective assistance of counsel claims

6

under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).[2] Resp. Ex. 3 at 1. To succeed in an ineffective assistance of counsel claim under Strickland, a petitioner must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

---

[2]While the habeas court cited Morgan v. Mitchell, 527 S.E.2d 556 (Ga. 2000), instead of Strickland, Morgan cites and follows the Strickland standard. Id. at 556.

7

Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985).  Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

Regarding petitioner's second claim, that his appellate counsel performed ineffectively in failing to raise the need for a mistrial after a juror, when being polled by the trial judge, affirmed a "not guilty" instead of a guilty verdict, was dismissed by the habeas court because the juror had subsequently corrected herself and affirmed the jury's unanimous verdict.  Resp. Ex. 3 at 2.  Regarding petitioner's fourth claim, that his appellate counsel should have raised trial counsel's failure to challenge a juror in his appeal, the habeas court found that petitioner had failed to show that he would have been acquitted if the juror had been excused.  Resp. Ex. 3 at 2-3.  Regarding petitioner's fifth claim, that appellate counsel should have raised the severance issue on appeal, the habeas court found that the issue was raised on appeal and that there was nothing further either trial or appellate counsel could have done to sever petitioner's trial.  Resp. Ex. 3 at 3.  Regarding petitioner's seventh claim, that his appellate counsel should have raised trial counsel's mistakes at the jury selection phase of the trial, the habeas court found the issue abandoned because petitioner did not pursue it at the evidentiary hearing.  Resp. Ex. 3 at 3.

The Court does not find any of the state habeas court's determinations to be contrary to, or an unreasonable application of, established federal law.  Accordingly, the Court defers to the determinations of the state habeas court and recommends that these claims be

8

dismissed.

### C. Sufficiency of the Evidence

The state habeas court dismissed petitioner's final claim, that the evidence presented at trial did not support a guilty verdict, by citing <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). The <u>Jackson</u> Court recognized that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof–defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." <u>Id.</u> at 315. In assessing sufficiency of the evidence, the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> at 319. The state habeas court concluded that the evidence submitted at trial[3] was sufficient to sustain petitioner's conviction.

----

[3]According to the Georgia Supreme Court,

> [t]he evidence at trial showed that late in the evening of October 10, 1996, Passmore and his co-defendant Darrick Collins were stopped by police as they were driving away from Collins's apartment. The police had a warrant to search Collins's apartment and asked for permission to search Passmore's car, in which they found a loaded .9 mm handgun in the glove compartment. After returning to the aparment with Passmore and Collins and conducting a search, the police unloaded the gun, returned it to Passmore, and left. Collins believed that Rita Lewis, his former girlfriend, had informed the police of his drug activities. Several hours after the search, Passmore drove Collins to Lewis's apartment to confront her. After Lewis would not answer the door, Passmore fired several shots through a window. The shots struck and killed James Jackson, who was inside Lewis's apartment. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Passmore guilty of the crime charged.

<u>Passmore v. Georgia</u>, 552 S.E.2d 816, 817-17 (Ga. 2001).

The Court finds that the state habeas court applied the appropriate legal standard and that its analysis did not constitute an "unreasonable application" of that standard. Accordingly, petitioner should not obtain Section 2254 relief on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition for habeas corpus relief be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED AND RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

10